IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) LIBERTY INSURANCE CORPORATION,<br><br>      **Plaintiff,**<br><br>v.<br><br>2) O.K. INDUSTRIES, INC.,<br>3) O.K. FOODS, INC.,<br>4) O.K. FARMS, INC.,<br>5) KELLY GARRIS, AND<br>6) GARY HOGUE,<br><br>      **Defendants.** | Case No.  19-cv-413-RAW |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Liberty Insurance Corporation ("LIC"), for its Complaint seeking declaratory relief against the Defendants, alleges and states as follows:

## JURISDICTION

1. LIC is a corporation organized under the laws of the State of Illinois and licensed to do business in the State of Oklahoma. LIC's principal place of business in is in the State of Massachusetts.

2. Upon information and belief, Defendant O.K. Industries, Inc. ("O.K. Industries") is a company organized under the laws of the State of Arkansas with a principal place of business located in the State of Arkansas.

3. Upon information and belief, Defendant O.K. Foods, Inc. ("O.K. Foods") is a company incorporated under the laws of the State of Arkansas with a principal place of business located in the State of Arkansas.

4. Upon information and belief, Defendant O.K. Farms, Inc. ("O.K. Farms") is a

company organized under the laws of the State of Arkansas with a principal place of business located in the State of Arkansas.

5. Upon information and belief, O.K. Industries and O.K. Farms merged with and into O.K. Foods on or about December 21, 2015.

6. Upon information and belief, Defendant Kelly Garris ("Garris") is an individual employed by O.K. Foods and is a resident of LeFlore County, State of Oklahoma.

7. Upon information and belief, Defendant Gary Hogue ("Hogue") is an individual employed by O.K. Foods and is a resident of the State of Arkansas.

8. This court has jurisdiction of this action as diversity of citizenship is present and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The requirements of 28 U.S.C. § 1332 are met.

9. A substantial part of the events or omissions giving rise to this controversy occurred within this judicial district. According, venue is appropriate pursuant to 28 U.S.C. § 1391.

10. This action is for declaratory relief and is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

## FACTUAL ALLEGATIONS

11. O.K. Industries obtained a commercial general liability policy from LIC, numbered TB7-691-454425-035, with policy period from May 1, 2015 to June 30, 2016 (the "Policy").

12. Prior to January 1, 2016, O.K. Industries was the first named insured on the Policy. At O.K. Industries' request, effective January 1, 2016, the first named insured on the Policy was changed from O.K. Industries to O.K. Foods.

13. Effective January 1, 2016, O.K. Farms and O.K. Industries were included as additional named insureds.

14. O.K. Industries also obtained a commercial liability-umbrella coverage policy from LIC, numbered TH7-691-454425-55, with policy period from May 1, 2015 to June 30, 2016 (the "Excess Policy").

15. O.K. Industries was originally the first named insured on the Excess Policy. O.K. Farms was included as an additional named insured on the Excess Policy. Effective December 31, 2015, O.K. Foods became the first named on the Excess Policy.

16. O.K. Foods is a fully-integrated chick producer that partners with farmers to raise chickens. O.K. Foods hatches chicks in one of its hatcheries and then delivers the chicks, along with feed, to its contracted farmers or "growers." The contracted growers raise the chicks to certain weight or size specifications within a certain period of time. The chickens are subsequently returned to O.K. Foods where they are processed.

17. In late 2018 and early 2019, defendants O.K. Farms, O.K. Foods, Garris, and Hogue were sued for breach of contract and fraud by several of their contracted growers located in Haskell, LeFlore, and Sequoyah counties.

18. On December 27, 2018, Tim Hall ("Hall") filed a petition against O.K. Farms and Garris for breach of contract and fraud in Haskell County District Court, Case No. CJ-2018-72 ("Hall Lawsuit"). **Exhibit 1.**

19. On April 1, 2019, Hall filed an Amended Petition naming Bachoco, LLC (Bachoco") and O.K. Foods. **Exhibit 2.** Hall dismissed his claims against Bachoco on April 11, 2019. **Exhibit 3.**

20. On January 3, 2019, Christopher and Neisha Welch ("Welch") filed a petition against O.K. Farms and Garris for breach of contract and fraud in LeFlore County District Court, Case No. CJ-2019-2 ("Welch Lawsuit"). **Exhibit 4.**

21. On April 2, 2019, Welch filed an Amended Petition naming Bachoco and O.K. Foods. **Exhibit 5.** Welch dismissed their claims against Bachoco on April 11, 2019. **Exhibit 6.**

22. On January 3, 2019, Rodger and Sandy Gentry (collectively "Gentry") filed a petition against O.K. Farms and Garris for breach of contract and fraud in LeFlore County District Court, Case No. CJ-2019-3 ("Gentry Lawsuit"). **Exhibit 7.**

23. On April 2, 2019, Gentry filed an Amended Petition naming Bachoco and O.K. Foods. **Exhibit 8.** Gentry dismissed their claims against Bachoco on April 11, 2019. **Exhibit 9.**

24. On February 1, 2019, Deana, Marty, and Levi Morrison (collectively "Morrison") filed a petition against O.K. Farms, Hogue, and Garris for breach of contract and fraud in LeFlore County District Court, Case No. CJ-2019-18 ("Morrison Lawsuit"). **Exhibit 10.**

25. On April 2, 2019, Morrison filed an Amended Petition naming Bachoco and O.K. Foods. **Exhibit 11.** Morrison dismissed their claims against Bachoco on April 11, 2019. **Exhibit 12.**

26. On February 15, 2019, Impone Vongmarath ("Vongmarath") filed a petition against O.K. Farms and Garris for breach of contract and fraud in LeFlore County District Court, Case No. CJ-2019-26 ("Vongmarath Lawsuit"). **Exhibit 13.**

27. On March 21, 2019, Wayne Ward, d/b/a Choctaw Mountain Ranch ("Ward") filed a petition against Bachoco, O.K. Foods, O.K. Farms, and Garris for breach of contract and fraud in LeFlore County District Court, Case No. CV-2019-36 ("Ward Lawsuit"). **Exhibit 14.**

28. On April 24, 2019, Ward filed an Amended Petition dismissing his claims against Bachoco. **Exhibit 15.**

29. On April 8, 2019, Russell and Cheryn Clark (collectively "Clark") filed a petition against O.K. Farms and Garris for breach of contract and fraud in Sequoyah County District Court,

Case No. CJ-2019-67 ("Clark Lawsuit").  **Exhibit 16.**

30. The Hall Lawsuit, Welch Lawsuit, Gentry Lawsuit, Morrison Lawsuit, Vongmarath Lawsuit, Ward Lawsuit, and Clark Lawsuit are collectively referred to as the "Oklahoma Lawsuits."

31. The plaintiffs in the Oklahoma Lawsuits each allege they were chicken growers under contract with Defendants.

32. The plaintiffs in the Oklahoma Lawsuits allege conduct of the Defendants that was expressly intended to result in termination of plaintiffs and Defendants' respective contracts because of Defendants' stated goal of reducing the numbers of chicken growers in Oklahoma in order to increase chicken growers in Arkansas.

33. This conduct is alleged to have ranged from concealing plans to introduce smaller birds of inferior quality to force the plaintiffs in the Oklahoma Lawsuits out of business, providing plaintiffs with diseased birds or toxic feed, refusing to assist the plaintiffs with the diseased birds, and using "audits" or threats of "audits" of the plaintiffs' respective operations as a pretext to cancel contracts or to force the plaintiffs into canceling contracts, among other things.

34. Defendants have demanded that LIC provide a defense and to indemnify them pursuant to the Policy against the claims asserted in the Oklahoma Lawsuits.

35. Similarly, Defendants have notified LIC of a claim under the Excess Policy.

36. After investigating Defendants' demand and the claims and allegations asserted in the Oklahoma Lawsuits, LIC reasonably concluded that the Policy did not afford coverage to the Defendants or, alternatively, coverage was excluded by the Policy.

37. LIC notified Defendants of its determination.

38. Despite this, Defendants continue to demand that LIC provide a defense and to

indemnify them against the claims asserted in the Oklahoma Lawsuits.

39. There exists an actual and justiciable controversy among the parties pursuant to 28 U.S.C. § 2201, *et seq.*, regarding whether there is coverage under the LIC Policy and Excess Policy and, therefore, this Court is vested with the powers to adjudicate the rights, duties, obligations, and legal relationships, if any, among the parties.

**WHEREFORE**, LIC prays for an Order of this Court, declaring the rights and obligations of the parties to be as follows, including:

A. That the Policy does not provide any coverage for any claim asserted against Defendants in the Oklahoma Lawsuits;

B. That the Excess Policy does not provide any coverage for any claim asserted against Defendants in the Oklahoma Lawsuits;

C. That, alternatively, if the Policy provides coverage for any claim asserted against Defendants in the Oklahoma Lawsuits, such coverage is excluded pursuant to the terms of the Policy;

D. That, alternatively, if the Excess Policy provides coverage for any claim asserted against Defendants in the Oklahoma Lawsuits, such coverage is excluded pursuant to the terms of the Excess Policy;

E. That LIC has no obligation or duty to defend or indemnify Defendants regarding the Oklahoma Lawsuits or any related judgment, liability, or damages;

F. That LIC be awarded its costs and fees incurred in bringing this action as allowed by law; and

G. For any further and additional relief which this Court deems just and proper or which is otherwise authorized pursuant to 28 U.S.C. § 2201, *et seq.*

Respectfully submitted,

*s/Jerrick L. Irby*
William W. O'Connor, OBA No. 13200
Jerrick L. Irby, OBA No. 30876
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
jirby@hallestill.com

**ATTORNEYS FOR PLAINTIFF, LIBERTY INSURANCE CORPORATION**

4316812.1:003439:00075

7