## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

LIBERTY INSURANCE CORPORATION,  )
 )
 )
 )
Plaintiff,  )
 )
v.  )     Case No. CIV-19-413-RAW
 )
O.K. INDUSTRIES, INC., et al.,  )
 )
 )
 )
 )
Defendants.  )

## ORDER

      Before the court are the motion of the plaintiff for summary judgment and the motion of the defendants for partial summary judgment. Plaintiff filed this action for declaratory judgment regarding coverage under a commercial general liability ("CGL") policy issued to defendants. In late 2018 and early 2019, defendants were sued in seven lawsuits for breach of contract and fraud in Oklahoma state court by several of their contracted chicken growers.[1] Defendants demanded that plaintiff provide a defense to and indemnify them against the claims asserted in the Oklahoma Lawsuits.

      Plaintiff concluded that the Policy did not afford coverage to the defendants or, alternatively, coverage was excluded by the Policy. In the present action, plaintiff seeks a

---

[1] All petitions were signed by the same counsel.

declaration from the court that plaintiff has to duty to defend or indemnify defendant regarding the Oklahoma Lawsuits. Defendants have filed counterclaims (#13) that seek declaratory relief holding that plaintiff has a duty to defend and indemnify, damages for breach of contract under the Policy, and damages for bad faith denial on plaintiff's part.

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 56(a) F.R.Cv.P. The court views all evidence and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party. *Wahlcometroflex, Inc. v. Westar Energy, Inc.,* 773 F.3d 223, 226 (10th Cir.2014). Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another. *Ultra Clean Holdings, Inc. v. TFG-California, L.P.,* 534 Fed.Appx. 776, 780 (10th Cir.2013). When the parties file cross-motions for summary judgment, the court is entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts. *Id.*

In making choice of law determinations in a diversity case, the court applies Oklahoma's choice of law rules. *AES Shady Point LLC, v. Okla. Gas & Elec. Corp.,* 2021 WL 779984 n. 33 (W.D.Okla.2021)(citation omitted). In Oklahoma, the established choice of law rule in contract actions known as *lex loci contractus* is that, unless the contract terms provide otherwise, the nature, validity, and interpretation of a contact are governed by the law where the contract was made. *Id.* In the case at bar, this leads to the conclusion (with

2

which the parties agree) that Arkansas law governs the interpretation of the policy at issue. (#52 at page 18 of 29 in CM/ECF pagination); (#51 at page 20 of 30 n.3)(#53 at page 9 of 27 n.3).

Under Arkansas law, the duty to defend is broader than the duty to indemnify; the duty to defend arises when there is a possibility that the injury or damage may fall within the policy coverage. *Murphy Oil Corp. v. Liberty Mut. Fire Ins. Co.,* 955 F.3d 1110, 1113 (8th Cir.2020)(citation omitted). In testing the pleadings to determine if they state a claim within the policy coverage, any doubt is resolved in favor of the insured. *Id.* If there is no possibility that the damage alleged in the complaint may fall within the policy coverage, there is no duty to defend. *Id.*

Arkansas follows a three-step analysis to evaluate coverage in CGL policies: (1) the court examines the facts of the insured's claim to determine if an initial grant of coverage is established; (2) if the claim triggers the initial grant of coverage, the court examines the various exclusions to see whether any of them preclude coverage of the present claim; (3) if a particular exclusion applies, the court looks to see whether any exception to that exclusion reinstates coverage. *See id.* at 1113-1114.

Plaintiff argues that the court's analysis should cease at the first step in that "property damage" (which plaintiff concedes for purposes of the present motion)[2] must be caused by an"occurrence" for coverage to exist. "Occurrence" is defined by the Policy as "an accident,

---

[2]Defendants also contend the Lawsuits allege "bodily injury" under the Policy. (#51 at page 26 of 30). The court disagrees.

including the continuous or repeated exposure to substantially the same general harmful conditions." This means "an event that takes place without one's foresight or expectation – an event that proceeds from an unknown cause or is an unusual effect of a known cause, and therefore not expected." *Continental Ins. Co. v. Hodges,* 534 S.W.2d 764, 765 (Ark.1976). Plaintiff asserts that because the Oklahoma Lawsuits allege intentional conduct by defendants to achieve an intentional result, none of the damages asserted by the Oklahoma plaintiffs were caused by an "occurrence" as defined.

Many of the Oklahoma Lawsuits contain allegations that defendants had made the decision to eliminate or reduce the number of chicken farms in Oklahoma and increase the number of chicken farms in Arkansas.[3] Therefore, according to the allegations in that group of Lawsuits, defendants fraudulently induced Oklahoma plaintiffs to enter into the contract and then intentionally breached the contract through their conduct.[4] Defendants counter (in the present litigation) that a breach of contract may also be caused by unintentional or inadvertent conduct and "there are no jury, judicial, or other findings of intentional acts, intended to cause harm, by [defendants]." (#53 at page 16 of 27 n.5). *Cf. Talley v. MFA*

---

[3]Plaintiff states: "Similarly the claims of the Oklahoma Plaintiffs all arise from the same factual scenario: they allege intentional wrongful conduct, intended to induce the Plaintiffs to sign the grower contracts, and to ultimately force termination of the contracts, all motivated by Defendants' desire to close down Oklahoma grower farms." (#54 at page 23 of 25)(emphasis added). The court disagrees as to the last phrase of this passage. Not all the Lawsuits allege such a motivating desire on defendants' part.

[4]It is not clear why, if defendants had decided to reduce the number of Oklahoma farms, they allegedly induced Oklahoma plaintiffs to enter new contracts, but that is not an issue for this court.

*Mut. Ins. Co.,* 620 S.W.2d 260, 263 (Ark.1981)("Many acts are intentional in one sense or another; however, unintentional results often flow from intentional acts.")

Indeed, the Morrison petition (#2-10) makes no reference to any ulterior motive on defendants' part regarding Oklahoma and Arkansas farms.  The Ward petition (#2-14) does not even allege fraud as a cause of action, and refers to conduct as "negligent" and "in a reckless disregard for the plaintiff's interest" resulting in "a tortuous [*sic*] breach of contract."  *Id.* at ¶¶25 & 26.

Defendants point to *Riceland Foods, Inc. v. Liberty Mut. Ins. Co.,* 2011 WL 2262932 (E.D.Ark.2011), in which the court held that "[k]eeping in mind that a duty to defend arises with a mere possibility that coverage exists and that any doubt must be resolved in favor of the insured, the Court finds that the negligent or accidental contamination of the commercial rice supply by unapproved, unmarketable GM rice amounts to an 'occurrence' under the Policies." *Id.* at *7.[5]  *See also Automax Hyundai S., L.L.C. v. Zurich Am. Ins. Co.,* 720 F.3d 798, 805 (10th Cir.2013)("[A]n insurer has a duty to defend even where the facts alleged intentional conduct because at trial the jury could have found the defendant guilty merely of negligence or other nonintentional conduct.").[6]  Under the standard applicable to summary

_____

[5]Plaintiff asserts that *Riceland* is not properly cited in view of Rule 5.2(c) of the Arkansas Supreme Court.  (#54 at page 6 of 25 n.3).  The *Riceland* decision is from a federal district court.

[6] The passage from *Automax* has the flavor of defendants' position, but that is a decision interpreting Oklahoma law.  It has been observed that "because the substantive legal standard in question – an insurer's duty to defend – is determined from the underlying complaint, the substantive standard arguably cannot be understood apart from the pleading standard."  *Amer. Nat. Prop. & Cas. Co. v. Rosenschein,* 2020 WL 3448279, *8 (D.N.M.2020).  Arkansas is a fact-pleading state. *Id.* at *5.  Oklahoma is a notice pleading state. *See OSU-AJ Homestead Med. Clinic, PLC v. Okla. Health Auth.,* 416 P.3d 1082, 1086 (Okla.Ct.App.2018).

judgment and applicable to an insured's invocation of duty to defend, (and in the interest of thoroughness) the court finds *arguendo* that at least the Ward petition (#2-14) alleges an "occurrence" and survives the first step of the three steps of analysis under Arkansas law.

The court now proceeds to the next step of the analysis, the application of exclusions. Plaintiff first points to the Policy provision that excludes coverage for property damage expected or intended from the standpoint of the insured. This would appear to exclude any claim for intentional fraud, which claims are present in the vast majority of the Oklahoma Lawsuits. Again, however, there is at least one outlier. The Morrison petition makes no mention of a plan on defendants' part to intentionally reduce Oklahoma farms. It alleges that defendants' conduct "amount[s] to fraud" against the plaintiff." (#2-10 ¶21)(emphasis added). This seems nearer an allegation of constructive fraud, with a lesser focus on expected or intended damage. Again, under the applicable summary judgment standard and weighing doubt in favor of the insured, there is an argument that at least the Morrison petition's claim of fraud is not subject to the Policy exclusion. Existing authority, however, is to the contrary. In *Ashley v. Valley Forge Ins. Co.,* 2010 WL 1925839 (E.D.Ark.), *aff'd*

---

In Oklahoma, the duty to defend determination is <u>not</u> limited to the allegations of the pleadings. *See First Bank of Turley v. Fid. & Deposit Ins. Co. Of Md.,* 928 P.2d 298, 303 (Okla.1996). Under Arkansas law, "the general rule [is] that the allegations of the complaint determine the insurer's duty to defend." *Murphy Oil USA, Inc. v. Unigard Sec. Ins. Co.,* 61 S.W.3d 807, 812 (Ark.2001). *See also Scottsdale Ins. Co. v. Detco Industries, Inc.,* 426 F.3d 994, 999 (8th Cir.2005)("Accordingly, resolving whether Scottsdale has a duty to defend Detco is not dependent on any factual determinations that will be made in the state court proceeding.")

395 Fed.Appx. 318 (8th Cir.2010), the court held that constructive fraud was properly characterized as an intentional act.

Regarding breach of contract claims, the court again finds the Ward petition distinct. There is no allegation of a plan on defendants' part to reduce the number of Oklahoma farms. The first cause of action alleges defendants breached the contract by supplying chicks that were below industry standards. Standing alone, that is not an allegation of intentional conduct. The second cause of action regards an alarm system and alleges negligence resulting in a "tortuous [*sic*] breach of contract." (#2-14 ¶¶25 & 26). Arkansas law, however, does not recognize a cause of action for tortious breach of contract. *See Quinn Companies, Inc. v. Herring-Marathon Group, Inc.,* 773 S.W.2d 94, 95 (Ark.1989).

Next, plaintiff addresses the contractual liability exclusion. It provides: "This insurance does not apply to . . . property damage for which the insured is obligated to pay damages for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." Arkansas law is that breach of contract claims are not covered by CGL policies. *See Murphy Oil,* 955 F.3d at 1114 (citing cases).[7] This is often stated in conclusory fashion, and may be based on either the "occurrence" theory or the exclusion theory. Therefore, the court has reserved the discussion until this point. If the conclusion is based on the reasoning that there is no "occurrence" under the Policy, then all breach of contract claims are resolved at step one. Considering step two, the Eighth Circuit

---

[7]Defendants contend the theory of recovery is irrelevant. (#51 at page 20 of 30). It appears the most authoritative Arkansas authority is to the contrary.

7

concluded: "This exclusion specifically precludes coverage of the breach-of-contract claim at issue." *Id.* at 1115.[8] The court finds no genuine dispute as to any material fact. The court concludes that, under Arkansas law, plaintiff had no duty to defend or indemnify defendants as to any claim in any of the Oklahoma Lawsuits.

It is the order of the court that the motion of the plaintiff for summary judgment (#52) is hereby granted. The motion of defendants for partial summary judgment (#50) is hereby denied. Plaintiff's motion does not address defendants' counterclaims and those remain pending at this time.

**ORDERED THIS 29th DAY OF MARCH, 2022.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[8]The undersigned has previously questioned such a reading of this language, finding it makes the term "assumption" superfluous. *North Star Must. Ins. Co.,* 27 F.Supp.3d 1250, 1253 (E.D.Okla.2014). This court nevertheless followed Oklahoma law in that case as it must follow Arkansas law in this matter. This also defeats defendants' argument (step three of the analysis) that an exception to an exclusion (exclusion does not apply to "liability for damages . . . [t]hat the insured would have in the absence of the contract or agreement") is applicable.